**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | **)** | Chapter 7 |
| | ) | Case No. 12-4931 |
| CLC INDUSTRIES, INC., | **)** | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | **)** | |
| | ) | Hearing Date: November 21, 2013 |
| | **)** | **Hearing Time: 10:00 a.m.** |

**NOTICE OF MOTION**

**TO: ATTACHED SERVICE LIST:**

PLEASE TAKE NOTICE that on **November 21, 2013 at 10:00 a.m.**, we shall appear before the Honorable Pamela S. Hollis or any other judge sitting in her stead in Room 644 of the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **First and Final Fee Application of Fox, Swibel, Levin & Carroll, LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period from April 11, 2012 through November 7, 2013 on Shortened Notice**, at which time and place you may appear if you see fit.

Dated: November 8, 2013                **GINA B. KROL, not individually, but solely in her capacity as the chapter 7 trustee for the bankruptcy estate of CLC Industries, Inc.,**

                                By:    */s/ Margaret M. Anderson*
                                        One of her attorneys

Margaret M. Anderson (ARDC #3127338)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201
*Special Counsel to Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I, Margaret M. Anderson, certify that on November 8, 2013, I caused a copy of the foregoing **Application of Fox, Swibel, Levin & Carroll, LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period from April 11, 2012 through November 7, 2013 on Shortened Notice**, to be filed electronically on the Court's ECF filing system and to be served upon the parties listed on the attached Service List by the Court's ECF filing system, by email or by postage-prepaid first-class U.S. Mail, as indicated.

By:   */s/ Margaret M. Anderson*
      Margaret M. Anderson

## SERVICE LIST

**Parties to receive notice electronically via CM/ECF:**

Elizabeth A. Bates on behalf of Interested Party Thomas C Halperin
ebates@springerbrown.com

Joseph E Cohen on behalf of Trustee Gina B Krol
jcohen@cohenandkrol.com, jcohenattorney@gmail.com;gkrol@cohenandkrol.com

Teresa L. Einarson on behalf of Debtor CLC Industries, Inc
terryeinarson@yahoo.com

E. Philip Groben on behalf of Trustee Gina B Krol
pgroben@cohenandkrol.com, trotman@cohenandkrol.com;pmchugh@cohenandkrol.com

Julie A. Johnston-Ahlen on behalf of Creditor Daniel Halperin
jjohnston-ahlen@novackandmacey.com, mbianchi@novackmacey.com

Ashlee M Knuckey on behalf of Creditor Zurich American Insurance Company
aknuckey@lockelord.com, chicagodocket@lockelord.com, cpaul@lockelord.com, swhitmer@lockelord.com

Gina B Krol on behalf of Trustee Gina B Krol
gkrol@cohenandkrol.com, gkrol@ecf.epiqsystems.com, gkrol@cohenandkrol.com, jhazdra@cohenandkrol.com, pmchugh@cohenandkrol.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

**Parties to receive notice via first-class postage-prepaid U.S. Mail:**

CLC Industries, Inc
Registered Office:
114 S. Bloomingdale Road
Bloomingdale, IL 60108

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: **)** | Chapter 7 |
| **)** | Case No. 12-4931 |
| CLC INDUSTRIES, INC., **)** | |
| **)** | Hon. Pamela S. Hollis |
| Debtor. **)** | |
| **)** | Hearing Date: November 21, 2013 |
| **)** | Hearing Time: 10:00 a.m. |

**FIRST AND FINAL FEE APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 11, 2012 THROUGH NOVEMBER 7, 2013 ON SHORTENED NOTICE**

Fox, Swibel, Levin & Carroll, LLP[1] ("FSLC"), special counsel to the chapter 7 Trustee, files this application ("Application") for payment of its administrative claim for fees and expenses in the amount of $77,435.01. In support of this Application, FSLC states the following:

## INTRODUCTION

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the requested relief are 11 U.S.C. §§ 328, 330, 331 and Bankruptcy Rule 2016, Local Rule 5082-1, and, as set forth below, the Court's prior order concerning interim payment of professional fees.

## BACKGROUND

3. On February 12, 2012 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition under the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court").

---

[1] Prior to September 1, 2012 Fox, Swibel, Levin & Carroll, LLP was known as Fox, Hefter, Swibel, Levin & Carroll, LLP.

1

4. After the Petition Date, but prior to conversion, as previously disclosed to this Court, FSLC represented Zurich American Insurance Company ("Zurich"), the Debtor's largest unsecured creditor, in connection with this bankruptcy case. On March 14, 2012, the Debtor filed a motion to dismiss or convert the Debtor's case to a cause under chapter 7. FSLC, on behalf of Zurich, objected to this motion and argued for conversion.

5. On April 10, 2012, the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code. [Dkt. 29.] Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed Gina B. Krol as chapter 7 trustee. [Dkt. 30.]

6. On May 24, 2012, the Court entered an order granting the Trustee's application to retain FSLC as special counsel *nunc pro tunc* to April 11, 2012.

## REQUESTED RELIEF

7. FSLC files this final fee application to be allowed an administrative claim for its fees and expenses for work performed on behalf of the Trustee from April 11, 2012 through November 7, 2013 (the "Application Period").

8. Attached as Exhibit A to this Application are the detailed billing records of FSLC, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period.

9. Attached as Exhibit B to this Application is a summary of the expenses for which FSLC seeks reimbursement.

## PROFESSIONAL SERVICES RENDERED

10. FSLC provided professional services with respect to: (a) investigating and prosecuting claims against Thomas Halperin and Daniel Halperin, an insider and former insider of the Debtor; (b) investigating and prosecuting claims against Morrisroe & Associates, Ltd.,

the Debtor's pre-petition counsel ("Morrisroe"); (c) liquidating insurance policies of the Debtor and (d) general administrative services including FSLC's employment application and this final fee application.

11. <u>Halperin Claims</u>. Prepetition, the Debtor made transfers to Thomas and Daniel Halperin. The Trustee instructed FSLC to investigate whether or not these transfers were recoverable from the Halperins. FSLC conducted such investigation including, but not limited to, attending Tom Halperin's Rule 2004 oral examination, reviewing documents produced pursuant to 2004 subpoenas and analyzing the transfers and engaging in solvency analysis. As a result of this investigation, the Trustee determined that claims did exist against Tom Halperin and instructed FSLC to attempt to resolve such claims prior to litigation.

12. FSLC did so and engaged in extensive negotiations with Tom Halperin. Due to Zurich's status as the largest creditor of the Debtor, the Trustee did involve Zurich in these negotiations to confirm that any settlement reach would be acceptable to Zurich. These negotiations resulted in the following two settlements: (a) with Tom Halperin for $175,000.00 and (b) with Dan Halperin for withdrawal of his $14 million claim. The majority of FSLC's time was spent on these matters.

13. <u>Morrisroe Claims</u>. Pre-petition, the Debtor made transfers to Morrisroe. The Trustee instructed FSLC to investigate whether or not these transfers were recoverable from Morrisroe. FSLC conducted such investigation including, but not limited to, subpoenaing Morrisroe, and reviewing the documents produced in response thereto and analyzing the transfers. As a result of this investigation, the Trustee determined that claims did exist against Morrisroe and instructed FSLC to attempt to resolve such claims prior to litigation. FSLC did so and engaged in extensive negotiations with Morrisroe. These negotiations resulted in a

settlement in the amount of $95,000.00 and withdrawal of Morrisroe's proof of claim.

14. <u>Insurance Policies</u>. The Debtor's owned life insurance policies on some of its key employees. Premiums on such policies had not been paid for some time so their cash surrender values were not too high. The Trustee instructed FSLC to liquidate such policies and FSLC did so. Approximately $9,900 was recovered from the Debtor's insurance policies.

15. <u>General Administrative</u>. FSLC applied to this Court to be retained by the Trustee and drafted and filed this final fee application.

## **APPROPRIATENESS OF FEES**

16. The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interest of the Debtor. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

17. FSLC's fees are recorded in a computerized time record system, from which the bills attached to this Application were generated. FSLC has reviewed the bills to ensure their accuracy.

18. FSLC's billing rates for the matters set forth in this application are the same rates FSLC uses for all bankruptcy matters. The rates are also consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

19. FSLC's requested fees and costs are awardable pursuant to 11 U.S.C. § 330 as reasonable and necessary expenses incurred for the administration of the Debtor's estate.

**FSLC EXPENSE POLICIES**

20. FSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, messenger service, outside copying costs, outside vendor costs, service of process, legal research, witness fees/mileage, and court fees. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this Application. FSLC also does not charge for computer expenses except that FSLC does charge for third-party computerized research services. The charge is the expense FSLC incurs, without mark-up, except that for those research services with which FSLC has a fixed billing plan, FSLC will charges at a 25% discount to the rates that would have applied absent the fixed billing plan.

21. All of expenses sought by FSLC in this Application were necessary and benefited the Debtor's estate. The total amount of out-of-pocket expenses for which FSLC seeks reimbursement is $8,547.01. Exhibit B to this Application provides a summary and supporting detail for these expenses.

**ADDITIONAL FEES**

22. FSLC has undertaken all reasonable efforts to ensure that all attorneys' fees and costs for the period from April 11, 2012 through November 7, 2013 are included in this Application. However, it is possible that some fees and expenses may not be included in this Application. FSLC reserves the right to submit further Applications for fees and expenses for the period from April 11, 2012 through November 7, 2013, if necessary.

**SUMMARY OF FEES**

23. FSLC applies for an administrative claim in the amount of $77,435.01 consisting of $68,888.00 in fees and $8,547.01 in expenses.

**SHORTENED NOTICE**

24. Pursuant to Bankruptcy Rules 2002(a) and 9019, notice of this Application has been provided to (a) the Office of the United States Trustee; (b) counsel for the Debtor; (c) T. Halperin and D. Halperin; (d) all parties who have requested notice through the Court's ECF Filing System; (e) all other persons who have requested notice pursuant to Bankruptcy Rule 2002 and (f) the Internal Revenue Service. Bankruptcy Rule 2002(a)(6) requires 21-days notice for a motion seeking approval of a compromise. Fed. R. Bankr. P. 2002(a)(3). Pursuant to Bankruptcy Rule 9006(c), "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may, in its discretion, with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c). Once this Application is resolved, the Trustee can file her final report and pay creditors. The only remaining creditors in this case are Zuirch and the Internal Revenue Service. One reason the primary creditor consented to the Halperin settlement agreements described above was the prospect of recovering before the end of the year. Given these circumstances and the limited number of creditors, the FSLC submits that good cause exists to shorten the notice period and that no party will be prejudiced.

WHEREFORE, FSLC requests entry of an order allowing it an administrative claim for its fees and expenses in the amount of $77,435.01 and allowing the Trustee to pay the claim.

Dated: November 8, 2013　　　　　　　　　　**FOX, SWIBEL, LEVIN & CARROLL, LLP**

　　　　　　　　　　　　　　　　　　　　　By:  /s/ Margaret M. Anderson

Margaret M. Anderson (ARDC #3127338)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201
*Special Counsel to Chapter 7 Trustee*